## Abstract of the Decision.

1. BROKERS, § 29*—*compensation where several brokers.* Where an owner of real estate employs several real estate brokers to effect a sale of his property, the broker whose efforts actually bring about the sale is the one who is entitled to the commission for a sale, provided the owner acts in good faith.

2. BROKERS, § 37*—*necessity of showing procuring cause of sale.* Where several brokers are employed to procure a purchaser for real estate and one of them brings an action for commissions, he not only must prove that he commenced negotiations with a party who subsequently purchased the property but, in order to recover, must also show by a preponderance of the evidence that he actually brought about a consummation of the sale, or was prevented from so doing by the fraud, procurement or misconduct or fault of the owner.

3. BROKERS, § 90*—*evidence insufficient to show procuring cause of sale.* In an action for real estate commissions, evidence *held* insufficient to show that a broker "actually brought about a consummation of the sale."

4. BROKERS, § 54*—*evidence held insufficient to show bad faith in owner.* Where a broker sought to recover commissions for effecting a sale of real estate, evidence *held* insufficient to show that the owner acted in bad faith in selling the property through another agent, such as to entitle each broker to a commission.

---

## Mary Geraldine Neville, Plaintiff in Error, v. City of Chicago, Defendant in Error.

### Gen. No. 19,704.    (Not to be reported in full.)

Error to the Superior Court of Cook county; the Hon. CHARLES A. McDONALD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed and remanded. Opinion filed February 4, 1915.

### Statement of the Case.

Action by Mary Geraldine Neville against the city of Chicago for damages for injuries resulting from a

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

fall on a defective sidewalk. From a judgment in favor of defendant, plaintiff brings error.

The essential facts are stated in a review of a former trial in the opinion filed in *Neville v. City of Chicago,* 154 Ill. App. 537. Upon the second trial, it was clearly shown that the sidewalk upon which the accident occurred was at that time old and worn, was affected by dry-rot and had been frequently repaired. While several witnesses called by defendant testified that they had never seen any holes in the sidewalk, all of them practically admitted that the walk was in the condition above stated. The manner in which the accident occurred was not disputed. The real dispute in the case arose upon the claim of the plaintiff that certain ailments that developed long after the accident were directly caused by the accident. Most of the evidence on this point was given by physicians. Some of the evidence of these physicians was opinion evidence, and some was as to matters of fact. The physician who attended the plaintiff at the time of the accident testified only as to the plaintiff's injuries at that time and his treatment for a week or two thereafter. At the defendant's request, the court gave to the jury the following instructions:

"The court instructs you that you are to judge of the credibility of doctors and experts the same as of the credibility of other witnesses. You are not bound to take as absolutely true the testimony of any doctor or expert, but you are authorized to consider the apparent consistency, fairness and congruity of such testimony; the probability or improbability of the same; the motive, temper, feeling or bias of the witness, if any, his interest or lack of interest, if any, in the result of the case; and to give such credit to such testimony as, under all the circumstances, you believe it to be entitled to, and no more."

A. W. FULTON and T. F. LARAMIE, for plaintiff in error.

Neville v. City of Chicago, 191 Ill. App. 372.

WILLIAM H. SEXTON and N. L. PIOTROWSKI, for defendant in error; DAVID R. LEVY, of counsel.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

## Abstract of the Decision.

1. WITNESSES, § 253*—*effect of calling attention to witnesses or particular testimony.* The practice of calling special attention to particular witnesses or particular testimony in instructions to the jury may so effect the result as to constitute reversible error.

2. INSTRUCTIONS, § 101*—*credibility of particular classes of persons.* Where other instructions given were a sufficient guide to the jury in weighing the evidence, including that of doctors, a special instruction as to the testimony and credibility of the doctors was *held* to be reversible error, the jury being informed that they were not bound to take as absolutely true the testimony of any doctor or expert, which, under the peculiar circumstances of the case, could hardly fail to convey the impression that the testimony of the doctors should be scrutinized more closely than that of other witnesses.

3. INSTRUCTIONS, § 95*—*credibility of witnesses.* The principle that a jury is not bound to accept as true the testimony of any witness, if there are any facts or circumstances tending to discredit his evidence, is not peculiarly or especially applicable to the testimony of doctors or experts, so that such experts should not be singled out in announcing the general rule to the jury.

4. MUNICIPAL CORPORATIONS, § 994*—*what constitutes negligence in care of sidewalk.* In an action against a city for personal injuries from a fall on a defective sidewalk, evidence *held* to show defendant negligent, so as to require a reversal of a judgment on a verdict of not guilty.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.